U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 14 2015
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NARCIZO CANO, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-096-A |
| | § | |
| ALLSTATE TEXAS LLOYDS, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

The above-captioned action was initiated by plaintiffs, Narcizo Cano and Maria Cano, by the filing of their petition in the District Court of Tarrant County, Texas, 348th Judicial District, on December 19, 2014. They named as defendants Allstate Texas Lloyd's ("Allstate"), Mitchell Magloire ("Magloire"), and Robert Guns ("Guns").

Plaintiffs alleged in their petition that Allstate provided insurance coverage on their property in Texas, when the property was damaged by a hail and wind storm occurring on March 23, 2013, that Allstate has failed to pay plaintiffs the benefits to which plaintiffs say they are entitled under the policy by reason of the damage to their property, and that Magloire and Guns were claims adjusters who were assigned by Allstate to adjust plaintiffs' property damage claim. Plaintiffs alleged various theories of recovery against Allstate and the claims adjusters.

On February 9, 2015, Allstate removed the action to this court based on diversity jurisdiction. The notice of removal was amended March 24, 2015. The notice of removal, as amended, contained allegations establishing diversity of citizenship and the requisite amount in controversy as to plaintiffs' claims against Allstate and Magloire. In the notice of removal Allstate acknowledged that plaintiffs are citizens of the State of Texas and that Guns likewise is a citizen of the State of Texas, with the result that complete diversity of citizenship would not exist if Guns was properly joined as a defendant. Allstate pleaded that Guns was improperly and/or fraudulently joined as a defendant, with the consequence that his state of citizenship should be disregarded in determining whether complete diversity exists.

Plaintiff has not filed a motion to remand to state court, but that does not relieve this court of the obligation to determine whether it has subject matter jurisdiction. It does not have subject matter jurisdiction if Guns was properly joined, but does have subject matter jurisdiction if he was improperly or fraudulently joined.

The joinder of a local claims adjuster in a state court action against a non-citizen insurance company in an attempt to avoid federal court jurisdiction apparently has become a popular

2

tactic. See, e.g., Plascencia v. State Farm Lloyds, No. 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081, at *1 (N.D. Tex. Sept. 25, 2014); Davis v. Metropolitan Lloyds Ins. Co. of Tex., No. 4:14-CV-957-A, 2015 WL 456726, at *1 (N.D. Tex. Feb. 3, 2015); Vann v. Allstate Ins. Co., No. 4:15-CV-277-A (N.D. Tex. May 12, 2015); SYP-Empire L.C. v. Travelers Cas. Ins. Co. of Am., No. 4:15-CV-213-A (N.D. Tex. May 12, 2015). After a study of plaintiffs' state court pleading, and a review of the applicable legal authorities, the court has concluded, for essentially the same reasons given in Plascencia, Davis, Vann, and SYP-Empire, L.C. why the claims adjusters were improperly joined in those cases, that plaintiffs named Guns as a defendant in this action for the purpose of attempting to defeat federal court jurisdiction. The court has concluded that none of the claims asserted against Guns would survive a motion to dismiss for failure to state a claim upon which relief may be granted, with the consequence that his citizenship should be disregarded in determining whether diversity jurisdiction exists. And, the court has concluded, for the same reason, that the claims against Guns should be dismissed.

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiffs against Guns be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

SIGNED May 14, 2015.

_____
JOHN McBRYDE
United States District Judge